```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| Emir A. Carmona, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 22 C 5773 |
| | ) |
| 4-Brothers Transport LLC and | ) |
| Joe D. Turner, | ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion and Order

On January 13, 2021, Emir A. Carmona and Joe D. Turner were involved in a vehicle collision, prompting Carmona to sue Turner and his employer, 4-Brothers Transport LLC ("4-Brothers"), for negligence. Carmona now moves to amend his complaint to add factual detail he claims to have learned through discovery, as well as five additional counts: negligent hiring, negligent entrustment, and negligent supervision against 4-Brothers; and willful and wanton misconduct against both 4-Brothers and Turner. For the reasons given below, the motion is granted in part and denied in part.

I.

Courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has

interpreted this rule to require a district court to allow amendment unless there is a good reason--futility, undue delay, undue prejudice, or bad faith--for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants oppose Carmona's request for amendment on the grounds that the statute of limitations for the added claims has passed and that allowing Carmona to plead the additional claims would be futile, since they cannot survive a motion to dismiss.[1]

A.

All agree that a two-year statute of limitations applies to each of Carmona's claims. The accident occurred on January 13, 2021, so defendants argue that the last date Carmona could bring his claims was January 13, 2023. Carmona argues that the amendments are timely under the relation-back doctrine.

The rule on which Carmona relies for his argument, Rule 15(c), allows for an amended complaint to "relate back" to the date of the original complaint, rendering it "timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Whether a pleading relates back can be a matter of either federal or state

---

[1] Defendants also baldly state in a couple of places in their memorandum that the amendments will cause them undue prejudice, but do not develop any argument on this point so it is waived.

2

law, but the Seventh Circuit has recognized that "Illinois' relation-back doctrine is, in all material respects, identical to the federal rule." *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 331 (7th Cir. 2009) (citations omitted). Under either governing law, "[a]n amendment will relate back to the original complaint if the amendment alleges events 'close in time and subject matter' to those previously alleged, and if they 'led to the same injury.'" *Id.* (quoting *Porter v. Decatur Mem'l Hosp.*, 882 N.E.2d 583, 593 (Ill. 2008)). The "essential inquiry" is whether the initial allegations gave notice to the defendant of the events underlying the new allegations. *Id.*

The new factual allegations here, as to the negligent hiring claim, concern 4-Brothers' decision to hire Turner despite prior driving-related violations. It is true that some of the alleged events relevant to that claim, such as Turner's prior violations between 2017 and 2019 and his hiring date in May 2020, are not particularly close in time to the factual allegations in the original complaint. But that is not the only factor to consider. *See In re Olympia Brewing Co. Sec. Litig.*, 612 F. Supp. 1370, 1373 (N.D. Ill. 1985) ("[T]emporal proximity of the facts is relevant, although not dispositive." (citing *Rosenberg v. Martin*, 478 F.2d 520, 526 (2d Cir. 1973))). The claimed injury resulting from the collision, as well as the subject matter--Turner's driving--are the same. And most importantly, the original complaint gave

3

defendants notice of the core of Carmona's claims: the collision on January 13, 2021 and its causes. Though the theory underlying the negligent hiring claim differs because it focuses on negligent acts allegedly taken by 4-Brothers directly, rather than under a respondeat superior theory, that alone is not a reason to find the amendments do not relate back. *See Woods v. Ind. Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993) ("Consistent with its history and purpose, Rule 15(c) has uniformly been applied to relate back amendments that . . . change the theory on which plaintiff seeks recovery."). Accordingly, the allegations relevant to the negligent hiring claim relate back to the date of the original complaint and are timely.

The other new claims for negligent entrustment, negligent supervision, and willful and wanton misconduct, each relate closely to the subject matter of the original complaint, and also depend on facts at least as closely tied temporally as those for the negligent hiring claim. Specifically, the negligent entrustment and negligent supervision claims primarily concern 4-Brothers' decision to entrust the vehicle to, and its failure to supervise, Turner on the date of the collision. As with the negligent hiring claim, Carmona's theory for the negligent entrustment claim is that 4-Brothers should not have entrusted the vehicle to Turner on January 13, 2021, because of his history of traffic violations. As above, the essential inquiry is satisfied

4

because 4-Brothers was on notice based on the original complaint that the potential causes of the alleged accident are central to this suit. As for the willful and wanton misconduct claims, those concern the same events as the other claims but proceed on a different theory of culpability, so they too relate back.

B.

Defendants also contend Carmona's motion should be denied because the proposed amendments are futile. Carmona suggests that defendants' futility arguments are better left for a motion to dismiss, but it is in fact acceptable to oppose a motion for leave to amend based on futility. *See KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022) ("[A] district court may deny leave to amend if amendment would be futile." (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Foman*, 371 U.S. at 182)). Whether amendment would be futile depends on the same analysis employed for motions to dismiss brought under Rule 12(b)(6). *Id.* Thus, to survive an attack on futility grounds, the amended complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A negligent hiring claim requires a plaintiff to plead "(1) that the employer knew or should have known that the employee had

5

a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller*, 705 N.E.2d 898, 904-05 (Ill. 1998) (citations omitted). Carmona alleges that 4-Brothers employed Turner on May 20, 2020, and that in his application Turner reported only a single speeding violation. Proposed Am. Compl. Count II ¶¶ 15-16, 20, ECF 69-4.[2] But according to the proposed amended complaint, Turner actually had additional violations, including: "[f]ailure to obey turn signal" in Texas in September 2019; "[s]peeding 15 mph or more over limit" in New Mexico in May 2018; "[s]peeding" in Minnesota in May 2018; "[c]areless driving" in Arkansas in July 2018; and an additional violation for "careless driving" in Arkansas in connection with an accident. *Id.* Count II ¶¶ 21-23. He was also involved in a motor vehicle accident in which he "fell asleep while operating a motor vehicle or operated a commercial motor vehicle while fatigued." *Id.* Count II ¶ 25. Moreover, Carmona alleges that Turner's commercial driver license and/or commercial driving privileges were disqualified twice prior to the collision at issue.

---

[2] The paragraphs in Carmona's proposed amended complaint are confusingly numbered, with some paragraph numbers appearing more than once. Accordingly, citations to the proposed amended complaint include the Count as well as the paragraph number.

6

*Id.* Count II ¶ 24. Much of this, Carmona argues, came to light only recently in the course of discovery.

4-Brothers argues Carmona's allegations that it failed to investigate Turner's driving record are too conclusory, as are the allegations tying Turner's prior violations to the January 2021 collision. But at this stage I must take the proposed amended complaint's allegations as true, and doing so leads me to conclude that it is plausible that 4-Brothers should have been able to obtain the alleged information about Turner's prior violations and that, if it did, it may have been on notice that hiring Turner as a truck driver posed a risk to others. Furthermore, unlike in *Van Horne*, 705 N.E.2d at 906, in which the Illinois Supreme Court concluded that the defendant's prior outrageous acts would not have put an employer on notice that he might defame someone since none of the prior acts involved defamation, here there is a sufficient nexus between Turner's prior violations, which involve driving errors that could contribute to accidents, and the collision in January 2021. In particular, the alleged April 2017 violation for falling asleep at the wheel or driving while fatigued resonates with Carmona's allegation that, on the date of the collision in this suit, Turner had not slept for the preceding 30 hours and was fatigued.

4-Brothers also argues that it is false that it failed to make an inquiry about Turner's driving record before hiring him.

7

Even crediting this assertion, however, Carmona could pursue his claim on the theory that the inquiry was insufficient or that 4-Brothers should have acted differently based on the information it received. In any event, 4-Brothers depends for this argument on evidence external to the proposed amended complaint. Such evidence is typically inappropriate under the Rule 12(b)(6) standard, *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002), and 4-Brothers does not explain why any exception applies here.

To maintain a negligent entrustment claim, Carmona must plead that 4-Brothers gave Turner "express or implied permission to use or possess a dangerous article or instrumentality which [4-Brothers] knew, or should have known, would likely be used in a manner involving an unreasonable risk of harm to others." *Evans v. Shannon*, 776 N.E.2d 1184, 1190 (Ill. 2002) (citations omitted). "Although an automobile is not a dangerous instrumentality *per se*, it may become one if it is operated by someone who is incompetent, inexperienced or reckless." *Id.* (citations omitted). For this claim, Carmona alleges that 4-Brothers knew or should have known Turner's "history of falling asleep while driving and/or driving while fatigued," Proposed Am. Compl. Count III ¶ 47(c), as well as his other driving history, and that given this knowledge it should not have allowed Turner to drive its truck.

4-Brothers argues this claim may not proceed because the allegations lack supporting factual detail. However, the proposed

8

amended complaint sufficiently alleges that given the information learned through the background check 4-Brothers either did or should have done, it was negligent in permitting him to drive the truck. 4-Brothers also argues that Turner in fact had a commercial driver's license at the time of the incident and that he was cleared by a medical examiner to drive, claiming this immunizes it against a negligent entrustment claim. But as above, now is not the time for an assessment of the evidence. Based on the allegations in the proposed amended complaint, this claim may proceed.

"To state a cause of action for negligent supervision, the plaintiff must establish that (1) the employer had a duty to supervise its employee; (2) the employer negligently supervised its employee; and (3) such negligence proximately caused the plaintiff's injuries." *McNerney v. Allamuradov*, 84 N.E.3d 437, 452 (Ill. App. Ct. 2017) (citation omitted). On this claim, Carmona alleges in conclusory fashion that 4-Brothers "had a duty to supervise" Turner, that it "negligently supervised" Turner, and that "as a direct and proximate result of one or more of the aforementioned negligent acts or omissions," Carmona was injured. Proposed Am. Compl. Count IV ¶¶ 48–50. Carmona also alleges that according to a representative of 4-Brothers, the company "had no safety measure in place to monitor and/or supervise its drivers' activities while driving." *Id.* Count IV ¶ 46.

9

I agree with 4-Brothers that these allegations offer only conclusory assertions that 4-Brothers had a duty to supervise Turner during the relevant time and that a lack of supervision proximately caused the January 2021 accident. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). Carmona fails to supply factual content that would allow me to draw the reasonable inference that a lack of supervision proximately caused the January 2021 collision. Accordingly, Carmona will not be permitted to plead this claim in his amended complaint.

Finally, Carmona's claims for willful and wanton misconduct against both 4-Brothers and Turner require him to "allege 'either a deliberate intention to harm or an utter indifference to or conscious disregard for [his] welfare.'" *Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist.*, 811 N.E.2d 1259, 1263 (Ill. App. Ct. 2004) (quoting *Adkins v. Sarah Bush Lincoln Health Ctr.*, 544 N.E.2d 733, 743 (Ill. 1989)). In the proposed amended complaint, Carmona lists Turner's various prior infractions and asserts that 4-Brothers was utterly indifferent to or consciously disregarded the risk posed by these incidents. *See* Proposed Am. Compl. Count V ¶ 15. As to Turner, Carmona alleges that he acted with utter indifference for Carmona's safety by operating a tow truck while

10

fatigued, without corrective lenses, and after not sleeping for at least 30 hours. *Id.* Count VII ¶ 15.

The proposed amended complaint's allegations make it plausible that 4-Brothers and/or Turner acted willfully or wantonly. Defendants rely on evidence obtained so far in discovery to argue that Carmona has failed to demonstrate that the alleged conduct is connected to the accident. But again, reliance on evidence external to the pleadings is impermissible at this stage.

II.

For the foregoing reasons, Carmona's motion to amend the complaint is denied as to Count IV for negligent supervision and is otherwise granted. Carmona is instructed to file the amended complaint, with the negligent supervision count removed and the remaining counts appropriately renumbered, as soon as practicable.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 24, 2024